UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lori Precourt, Administrator
of the Estate of Carolyn Black

    v.                                                    Civil No. 10-cv-337-LM

Fairbank Reconstruction Corp.,
d/b/a Fairbank Farms; Greater
Omaha Packing Company, Inc.; and
Shaw's Supermarkets, Inc.

**O R D E R**

Before the court is a motion to compel filed by Greater Omaha Packing Company, Inc. ("GOPAC"). Specifically, GOPAC asks the court to compel

> Defendant-Cross Plaintiff Fairbank to produce electronic data responsive to discovery requests made in this matter, compel Defendant Shaw's to produce all documents, electronic or otherwise, of inventory tracking and shipments to its stores for September 2009, the deposition of Mr. Dennis Kwider and permit GOPAC to conduct a trial deposition of Mr. Thomas Hoffman.

Def.'s Mot. to Compel (doc. no. 87), at 1. Fairbank Reconstruction Corp. and Shaw's Supermarkets, Inc. (collectively "Fairbank") object. For the reasons that follow, GOPAC's motion to compel is granted in part and denied in part.

**The Legal Standard**

"Unless otherwise limited by court order, the scope of discovery . . . [extends to] any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The court "must limit the frequency or extent of discovery otherwise allowed" if and when it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

Fed. R. Civ. P. 26(b)(2)(C).  The Federal Rules of Civil Procedure ("Federal Rules") permit a party to "move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).

"[T]he purpose of pretrial discovery is to 'make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable

extent.'" Wamala v. City of Nashua, No. 09-cv-304-JD, 2010 WL 3746008, at *1 (D.N.H. Sept. 20, 2010) (quoting Macaulay v. Anas, 321 F.3d 45, 53 (1st Cir. 2003)). In this court, the party moving to compel discovery over an adversary's objection bears the burden of showing that the information he seeks is relevant and not privileged. Id. at *2; see also Saalfrank v. Town of Alton, No. 08-cv-46-JL, 2009 3578459, at *3 (D.N.H. Oct. 27, 2009).

With the foregoing principles as a backdrop, the court turns to the specific discovery requests at issue.

### A. Electronic Data from Fairbank

GOPAC first asks the court to compel Fairbank to produce electronic data it used to create various records that it did produce in response to three discovery requests that GOPAC recited in its motion, as required by Local Rule 37.1. Fairbank objects on several grounds, including timeliness. The court agrees that GOPAC's motion to compel should be denied as untimely.

GOPAC propounded discovery requests on Fairbank in March of 2011. Fairbank responded on April 6. Discovery closed on October 14. GOPAC waited more than three months after that to ask Fairbank for the electronic data it now asks the court to

compel Fairbank to produce.  Trial is scheduled for early April of 2012.  As noted, Fairbank raised the timeliness issue in its objection to GOPAC's motion to compel.  GOPAC does not even address that issue, with respect to Fairbank, in its reply brief.

Under the Federal Rules, the court "must limit the frequency or extent of discovery" upon a determination that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."  Fed. R. Civ. P. 26(b)(2)(C)(ii).  Moreover, it is appropriate to deny a motion to compel based on the untimeliness of the underlying discovery request.  See Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 58-59 (1st Cir. 2010).

Here, GOPAC received responses to its requests for discovery from Fairbank six months before the close of discovery.  According to GOPAC, "[w]hile Fairbank did produce some records responding to the foregoing requests . . . it has become apparent that it has not produced any electronic data entered, stored and used to generate the records produced." Def.'s Mot. to Compel (doc. no 87), at 2.  That may be, but GOPAC has given the court no reason why the alleged deficiency of Fairbank's production was not apparent in April of 2011, at

the very latest.  In other words, GOPAC had ample opportunity to seek the information at issue before the close of discovery.  Because GOPAC waited several months after the close of discovery to ask Fairbank for the evidence it now seeks, its request was untimely.  Accordingly, as to Fairbank's electronic data, GOPAC's motion to compel is denied.

### B. Electronic Data from Shaw's

GOPAC's motion is also denied as to electronic data from Shaw's.  That category of information is mentioned in the first paragraph of GOPAC's motion, quoted above, and also in the last paragraph of the motion, see Def.'s Mot. to Compel (doc. no. 87), at 8.  While GOPAC asks Shaw's to "produce electronic data responsive to GOPAC's production requests," GOPAC does not clearly identify any production request for the data it now seeks from Shaw's.  That is a problem.  See LR 37.1(a) (requiring motions to compel to include either a verbatim recitation of the discovery request(s) at issue or a copy of the actual discovery document).  Moreover, discovery from Shaw's is mentioned in the first and last paragraphs of GOPAC's motion, but is mentioned nowhere else, and GOPAC develops no argument on that issue.  In any event, because GOPAC has not quoted from or produced the production request(s) to which, in its view, Shaw's

has not properly responded, GOPAC's motion to compel, as to electronic data from Shaw's, is denied.

### C. Kwider Deposition

It appears to be undisputed that GOPAC propounded a request for production on Shaw's in June of 2011, and that Shaw's did not produce the requested documents until December. Shortly thereafter, GOPAC noticed a deposition of Dennis Kwider, the former head of food safety at Shaw's. Fairbank and/or Shaw's declined to make Kwider available for deposition, noting that discovery had closed in October. In light of Shaw's untimely production of documents, Shaw's is not in the strongest position to argue that GOPAC's request to depose Kwider is untimely. Beyond that, it is reasonable to assume that information in the documents Shaw's produced in December might be useful for deposing Kwider. Obviously, GOPAC could not use those documents to depose Kwider until Shaw's produced them. Fairbank concedes that Shaw's document production is untimely, but argues that if those documents were really necessary, GOPAC should have raised its concerns before the end of discovery. All things considered, and especially in light of Shaw's tardy document production, GOPAC's motion to compel is granted as to the Kwider deposition.

D. Hoffman Deposition

The final issue is GOPAC's proposed deposition of Thomas Hoffman.  Fairbank retained Hoffman as an expert witness for both this case and for its claims against GOPAC in the District of Maine.  However, Hoffman did not testify in the Maine case, and his expert report was never entered into evidence in that case.  GOPAC did, however, depose Hoffman in connection with the Maine case.  In this case, Hoffman has been withdrawn as an expert witness, and his report will not be entered into evidence.  Still, GOPAC asks this court to "permit [it] to conduct a trial deposition of . . . Hoffman."  Def.'s Mot. to Compel (doc. no. 87), at 1.

GOPAC now characterizes the deposition it wishes to take as a trial deposition, presumably in response to Fairbank's refusal to make Hoffman available for a discovery deposition, on grounds that discovery closed in October.  The parties devote considerable attention to GOPAC's proposed deposition of Hoffman – going so far as to skirmish over the correct interpretation of an office note authored by Hoffman's cardiologist in Maryland – but that issue may be disposed of in relatively short order.  If what GOPAC seeks is a trial deposition, and there is no reason not to take GOPAC's motion at face value, there is no action for this court to take, especially not in the context of a motion to

7

compel. Obviously, Rule 37 permits the court to issue orders compelling parties to fulfill their discovery obligations. But, if GOPAC is seeking to conduct a trial deposition, rather than a discovery deposition, Rule 37 does not apply. Moreover, GOPAC does not explain how this court has any authority to "permit" it to proceed with a trial deposition of a third-party witness who resides outside the court's subpoena power. Similarly, Fairbank does not explain how: (1) it has standing to object to the deposition of a third-party witness, which is Hoffman's current status since Fairbank withdrew him as an expert; or (2) this court has any authority to block GOPAC's deposition of a third-party witness who resides outside the court's subpoena power.

As things stand, GOPAC seeks to conduct a trial deposition of Hoffman. Because Fairbank will not be calling Hoffman as an expert, whether he may be deposed is a matter between GOPAC and Hoffman, to be resolved in a forum that has subpoena power over Hoffman. Thus, to the extent GOPAC asks this court to permit it to depose Hoffman, GOPAC's motion to compel is denied.

## Conclusion

For the reasons described above, GOPAC's motion to compel, document no. 87, is granted in part and denied in part. Specifically, the court orders Fairbank and Shaw's to make

Kwider available for deposition.  GOPAC's other requests for relief, however, are denied.

    SO ORDERED.

                                                 _____
                                                 Landya McCafferty
                                                 United States Magistrate Judge

March 5, 2012

Cc:   Paula J. Clifford, Esq.
      Christopher P. Dombrowicki, Esq.
      Andrew D. Dunn, Esq.
      Stephen P. Ellenbecker, Esq.
      D. Patterson Gloor, Esq.
      Robert E. Mazow, Esq.
      Brian D. Nolan, Esq.
      Stephen J. Schulthess, Esq.
      Shawn K. Stevens, Esq.
      Ralph A. Weber, Esq.